**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

BLACKWATER DIVING, LLC                          CIVIL ACTION

VERSUS                                          NO. 20-2581

UNITED STATES OF AMERICA,                       SECTION "B"(3)
DEPARTMENT OF HOMELAND SECURITY

<u>ORDER AND REASONS</u>

Before the Court are cross motions for summary judgment filed by plaintiff, Blackwater Diving, L.L.C., and defendant, the United States of America Department of Homeland Security (Rec. Docs. 15, 17). The parties have filed responses and replies (Rec. Docs. 16, 20, 23, 26). After careful consideration of the cross motions, responses, replies, competent summary judgment evidence, record, and applicable law,

**IT IS ORDERED** that the government's cross motion for summary judgment (Rec. Doc. 15) is **GRANTED** and plaintiff's cross motion for summary judgment (Rec. Doc. 17) is **DENIED.**

I.    **FACTS AND PROCEDURAL HISTORY**

Plaintiff, Blackwater Diving, L.L.C., seeks judicial review under the Administrative Procedure Act (APA) for a $231,625.00 civil penalty assessed by the United States Coast Guard ("Coast Guard"). Blackwater Diving, L.L.C. is a Louisiana corporation that was the owner and operator of two diving vessels, the Black Diver II and the Black Diver III, during the relevant time

1

period of this suit. Rec. Doc. 1 at 1. Both the Black Diver II
and the Black Diver III were subject to inspection under 46
U.S.C. § 3301, which requires them to maintain a current
Certificate of Inspection ("COI") and a load line certificate.
Rec. Doc. 15-1 at 4. Maintaining a valid COI and load line
certificate requires an annual survey within three months before
or after the certificate's anniversary date. Rec. Doc. 15-2 at
1.

On July 8, 2016, Blackwater Diving entered into a contract
with JAB Energy Solutions II, LLC ("JAB") to complete work on
abandoned pipelines in the Gulf of Mexico. *Id.* at 2. The scope
of work necessitated two vessels and was anticipated to take
ninety days to complete. Rec. Doc. 9-3 at 22. However, Black
Diver II's load line certificate expired on August 10, 2016 and
its COI expired on August 11, 2016. Rec. Doc. 15-2 at 2.
Similarly, Black Diver III's load line certificate expired on
September 21, 2016 and its COI expired on September 19, 2016.
*Id.* Starting on July 14, 2016, Blackwater Diving operated both
Black Diver II and III for the JAB project without making any
arrangements for vessel inspections. Rec. Doc. 15-1 at 5; Rec.
Doc. 15-2 at 2. It continued operating both vessels past the
expiration dates of the vessels' COIs and load line
certificates. Rec. Doc. 15-2 at 2-3. When the Coast Guard

realized Blackwater Diving was operating both vessels without valid certificates, it ordered Black Diver II and III back to shore on October 4, 2016 and October 5, 2016, respectively. *Id.* at 2. Black Diver II returned to port on October 5, 2016 and Black Diver III did so on October 17, 2016. *Id.*

On February 14, 2017, Blackwater Diving received a Preliminary Assessment Letter, which contained notice that the Coast Guard Hearing Officer was considering a civil penalty of $336,484.00 for operating Black Diver II and III without valid inspection certificates. Rec. Doc. 9-3 at 193. After receiving notice, Blackwater Diving elected to have a hearing on the matter. *See id.* at 130. An informal hearing took place on June 6, 2017, in accordance with 33 C.F.R. Subpart 1.07. *Id.* at 64; *see also* Rec. Doc. 15-1 at 5. After reviewing the evidence, the Hearing Officer assessed a civil penalty of $242,500.00 in the Final Assessment Letter dated November 7, 2017. Rec. Doc. 9-3 at 30-36.

Blackwater Diving appealed this assessment to the United States Coast Guard Commandant. *Id.* at 11-12. On August 28, 2020, the Commandant issued its final agency action, reducing the Hearing Officer's civil penalty assessment to $231,625.00. *Id.* at 1, 7. The Commandant found that the hearing officer had slightly miscalculated the days that Blackwater Diving operated

3

its vessels beyond their certificates' expiration and that
Blackwater Diving should only be responsible for 33 days of
violations because that was the number of days noticed in the
Preliminary Assessment Letter. Rec. Doc. 15-2 at 3.

On September 23, 2020, Blackwater Diving filed its
complaint seeking judicial review of the Commandant's final
assessment of civil penalties. Rec. Doc. 1. On May 5, 2021, the
United States Department of Homeland Security, filed its Cross
Motion for Summary Judgment on behalf of the Coast Guard. Rec.
Doc. 15. Blackwater Diving filed its own cross motion for
summary judgment on June 23, 2021. Rec. Doc. 17.

## II.  LAW AND ANALYSIS

### A. Summary Judgment Standard of Review over Final Agency Decisions

Typically, summary judgment is appropriate when, viewed in
the light most favorable to the non-moving party, "the pleadings,
depositions, answers to interrogatories, and admissions on file,
together with the affidavits, if any, show that there is no genuine
issue as to any material fact and that the moving party is entitled
to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477
U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). However,
where a motion for summary judgment requires the Court to review
an administrative agency's decision, the administrative record
provides the complete factual predicate for the Court's review.

4

*See Luminant Generation Co. LLC v. U.S. EPA*, 714 F.3d 841, 850 (5th Cir. 2013) (quoting *Camp v. Pitts*, 411 U.S. 138, 142 (1973)). In reviewing this record, the Court must decide whether the agency acted appropriately given the standard of review set forth by the Administrative Procedure Act (APA), not whether material facts are disputed. *See Willingham v. Dep't of Labor*, 475 F. Supp. 2d 607, 611 (N.D. Tex. 2007) (citing *Castillo v. Army & Air Force Exch. Serv.*, 849 F.2d 199, 202-03 (5th Cir. 1988)). An agency's legal conclusions are reviewed *de novo,* but the court's overall review is "highly deferential to the administrative agency whose final decision is being reviewed." *Buffalo Marine Services Inc. v. United States,* 663 F.3d 750, 753-54 (5th Cir.2011). Although the Court does not apply the usual standard of review under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is still an appropriate procedure for resolving a challenge to a federal agency's administrative decision. *Town of Abita Springs v. U.S. Army Corps of Eng'rs,* 153 F. Supp. 3d 894, 903 (E.D. La. 2015).

**B. The Administrative Procedure Act**

Section 706(2)(A) of the APA compels courts to set aside agency action found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(A)(2); *see also Harris v. United States*, 19 F.3d 1090, 1096 (5th Cir. 1994). This standard is "highly deferential." *Knapp v. U.S. Dep't of Agric.*, 296 F.3d 445, 453 (5th Cir. 2015). It

concentrates on "whether an agency articulated a rational connection between the facts found and the decision made." *Pension Benefit Guar. Corp. v. Wilson N. Jones Mem'l Hosp.*, 374 F.3d 362, 366 (5th Cir. 2004). In other words, the reviewing court must determine whether the agency action was based upon consideration of the appropriate factors. *Id.* at 367. The Court may uphold a decision of less than ideal clarity so long as it is not arbitrary or capricious. *See Knapp*, 296 F.3d at 453; *Tex. Clinical Labs, Inc. v. Sebelius*, 612 F.3d 771, 775 (5th Cir. 2010).

**C. The Coast Guard Considered the "Ability to Pay" Factor**

Violating statutes or associated regulations concerning COIs or load line certificates subjects a vessel owner/operator to liability to the United States for civil penalties. *See* 46 U.S.C. §§ 3318, 5116; Rec. Doc. 15-1 at 4. In assessing a civil penalty, the Coast Guard "shall consider the nature, circumstances, extent, and gravity of the prohibited acts committed and, with respect to the violator, the degree of culpability, any history of prior offenses, ability to pay, and other matters that justice requires." 46 U.S.C. § 2107(a).

Of the factors required for consideration under 46 U.S.C. § 2107(a), the only factor that plaintiff contends the Coast Guard did not address is the "ability to pay" factor. *See* Rec. Doc. 16 at 2. However, the Court finds that the Coast Guard did consider this factor in both the Final Assessment Letter and the

Commandant's final agency action. Indeed, plaintiff even admits as so. In its opposition to defendant's cross motion for summary judgment, plaintiff states that the Coast Guard "did at least acknowledge 'the fact that the financial situation in the Gulf of Mexico has affected many businesses.'" Rec. Doc. 16 at 6 (quoting Rec. Doc. 9-3 at 35). Blackwater Diving also noted that "[t]he hearing officer stated 'it is not the intent of the Coast Guard to put Blackwater out of business; however, the financial gain of Blackwater or any company for that matter should not come at a cost of safety to the crew operating the vessel." *Id.* Plaintiff also acknowledges that the hearing officer said, "I do not dispute that Blackwater faced a dire financial situation, and understand that a hard situation resulted in some poor choices." *Id.* (quoting Rec. Doc. 9-3 at 33). All the evidence cited by plaintiff itself demonstrates that the Coast Guard considered plaintiff's economic circumstances and ability to pay when assessing its civil penalty. Moreover, the administrative record establishes that the Coast Guard considered the financial documents that plaintiff provided and still found the penalty assessed to be appropriate. *See* Rec. Doc. 9-3 at 34.

The Commandant's decision on plaintiff's appeal also carefully examined the "ability to pay" factor under 46 U.S.C. § 2107(a). *See id.* at 4 ("[Y]ou submitted extensive financial and accounting evidence, demonstrating your client's distressed

finances. The Hearing Officer considered this evidence."). The Commandant even emphasizes that "[i]f a commercial operator genuinely cannot afford to operate a safe and compliant vessel, that entity should be forced to cease operations, whether temporarily or permanently." *Id.*[1] Additionally in weighing this factor, the Commandant recognizes that plaintiff "may request establishment of a payment plan," if needed. *Id.* at 5.

Plaintiff argues that the Coast Guard misinterpreted the statute when it assessed Blackwater Diving's ability to pay. *See* Rec. Doc. 16 a 5; Rec. Doc. 23 at 2-3. But the Coast Guard made no such mistake. The "ability to pay" factor is not explicitly defined in 46 U.S.C. § 2107(a) or in related case law. In cases addressing other statues determining civil penalties, courts find that the adjudicating body has addressed the ability to pay factor when it has considered a party's proffered financial statements. *See, e.g., United States v. Complex Mach. Works Co.*, 23 C.I.T. 942, 953 (Ct. Intl. Trade 1999) (addressing the party's ability to pay by "not completely disregard[ing] the contents of the financial statements"); *Angelex, Ltd. v. United States*, 907 F.3d 612, 620 (D.C. Cir. 2018) (implying that assessing financial documents means the agency has considered the "ability to pay" factor). Here, the Coast Guard did consider plaintiff's submitted financial

---

[1] Plaintiff even admits that "the Commandant's decision seems to consider the economic factor." Rec. Doc. 16 at 9.

statements. *See* Rec. Doc. 9-3 at 4, 33-34. Thus, the Coast Guard did address the "ability to pay" factor under 46 U.S.C. § 2107(a).

To bolster plaintiff's argument that the Coast Guard did not properly consider the "ability to pay" factor, plaintiff submits a declaration from the president of Blackwater Diving and Blackwater Diving's unaudited income statements from 2018 and 2019. Rec. Docs. 16-2, 16-4. The Court, however, does not consider these documents in its decision because "the administrative record provides the complete factual predicate for the Court's review." *Luminant Generation*, 714 F.3d at 850. When a reviewing court finds the record produced by an informal adjudication to be inadequate for review, it can remand the matter to the presiding agency. *See Sierra Club v. Peterson*, 185 F.3d 349, 368 (5th Cir. 1999).[2] Otherwise, "[t]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743 (1985).

---

[2] Although in Social Security cases newly discovered evidence often requires remand, it does not appear that this standard applies to other administrative decisions. *See Bradley v. Bowen*, 809 F.2d 1054, 1057-58 (5th Cir. 1987)(citing 28 U.S.C. § 405(g)) (citing a social security statute to conclude that "[t]his court may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding"). Instead, a district court's general standard in considering new evidence seems to be whether the record is "inadequate for review." *See Sierra Club*, 185 F.3d at 368; *see also Medina Cnty. Env't Action Ass'n v. Surface Transp. Bd.*, 602 F.3d 687, 706 (5th Cir. 2010).

Plaintiff argues its supplementation of the record "became necessary only because the Commandant sat on the case for a lengthy period of time." Rec. Doc. 23 at 3-4. Still, plaintiff maintains that it "is not seeking to reopen the hearing on the basis of newly discovered evidence." *Id.* at 4. Plaintiff likely does not request reopening the hearing because it recognizes that in between plaintiff's notice of appeal in December 2017 and the Coast Guard's final agency action in August 2020, it could have done just that and chose not to do so.

33 C.F.R. § 1.07-80 allows a party "[a]t any time prior to a final agency action in a civil penalty case" to "petition to reopen the hearing on the basis of newly discovered evidence." 33 C.F.R. § 1.07-80. Before the Coast Guard's final agency action, plaintiff never submitted any newly discovered evidence, including its unaudited financial statements from 2018 and 2019 or its affidavit from Blackwater's president, Kevin Lorio. *See* Rec. Doc. 9-2 at 1. As plaintiff possessed this information before the Coast Guard's final agency action and chose not to reopen its hearing based on these facts, then this information cannot now be considered newly discovered evidence requiring remand to the administrative agency. Furthermore, Kevin Lorio's affidavit contains similar information to his testimony at the administrative hearing, providing another reason that plaintiff's supplemental documents do not require

10

remand to the Coast Guard. *Compare* Rec. Doc. 9-3 at 13-14, *with* Rec. Doc. 16-2. Additionally, as plaintiff did not move to supplement the administrative record with these additional documents, and plaintiff has not demonstrated "unusual circumstances justifying a departure" from limiting review to the administrative record, then these exhibits are out of the scope of judicial review. *See Medina Cnty.*, 602 F.3d at 706.

The Court, thus, finds that the Coast Guard considered all required factors under 46 U.S.C. § 2107(a), including the "ability to pay" factor, and therefore, the Coast Guard's assessment of a $231,625.00 penalty was neither arbitrary nor capricious.

### D. Remitting the Civil Penalty

Under 46 U.S.C. § 2107(b), "the Secretary may compromise, modify, or remit, with or without consideration, a civil penalty." Plaintiff claims that "in setting the amounts of the penalties in question," plaintiff "has seen absolutely no indication that the Coast Guard, in this instance, considered remission at all." Rec. Doc. 16 at 2, 5. But plaintiff errs in suggesting that "where it is clear that a party has the inability to pay, remission should be considered by the Coast Guard." Rec. Doc. 23 at 3. § 2107(b) clearly states the agency "*may* compromise, modify, or remit" civil penalties. 46 U.S.C. § 2107(b) (emphasis added). When a statute includes the term "may," it indicates that the action considered is permissible, but not required. *See Maine Cmty. Health Options*

*v. United States*, 140 S. Ct. 1308, 1320 (2020) ("Unlike the word 'may,' which implies discretion, the word 'shall' usually connotes a requirement.").

Because § 2107(b) uses the term "may," the Coast Guard, was not required to address remission in its assessment of Blackwater Diving's civil penalty. *See Maine Cmty. Health*, 140 S. Ct. at 1320; *cf.* 46 U.S.C. § 2107(a) (stating that the agency "*shall* consider the nature, circumstances, extent, and gravity of the prohibited acts committed and, with respect to the violator, the degree of culpability, any history of prior offenses, ability to pay, and other matters that justice requires") (emphasis added). Consequently, the Coast Guard's decision not to remit plaintiff's civil penalty was not arbitrary or capricious.

New Orleans, Louisiana this 28th day of October, 2021

_____
SENIOR UNITED STATES DISTRICT JUDGE